# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FOLEY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-01080-CV-W-FJG |
| | ) |
| MIXING & MASS TRANSFER | ) |
| TECHNOLOGIES, LLC, et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Third-Party Defendant HDR Engineering, Inc.'s ("HDR") Motion to Dismiss or, in the alternative, Motion For More Definite Statement and Memorandum in Support (Doc. No. 14). Also pending before the Court is Defendant/Third-Party Plaintiff Mixing & Mass Transfer Technologies, LLC's ("M2T2") Motion for Leave to File a Sur-Reply (Doc. No. 30).

**I.    Background**

On January 24, 2006, Foley Company and Unified Government of Wyandotte County, Kansas City, Kansas ("UG") entered into a contract ("Contract"), pursuant to which Foley was to serve as the general contractor for a project known as the Kaw Point Wastewater Treatment Plant Improvements Project I.D. 6176 ("Project").[1]  The Contract required that Foley complete all work specified by the Contract documents within three hundred sixty-five (365) calendar days after the date established in the Notice to Proceed, unless the period for completion was extended.  Pursuant to the Contract, Foley was to pay liquidated

---

[1] The facts contained herein are taken from the pleadings (Doc. No. 1, 9, 18, 18-1 & 30-1) and are used solely for purposes of this order.  The Court is not bound by the facts contained herein. Defendants neither admit or deny the allegations contained herein.

damages of Two Thousand and 00/100 Dollars ($2,000.00) per day for each calendar day thereafter. The Notice to Proceed was issued by UG on February 13, 2006. As such, the date for completion of all work was established as February 12, 2007.

Foley's scope of work under its Contract included Section 13180, Retrofitted Oxygenation System ("Oxygenation System"), of the Specifications for the Project. Foley entered into a subcontracting or purchase order agreement ("Purchase Order") with Mixing & Mass Transfer Technologies, LLC ("M2T2") with respect to the Oxygenation System. In the Purchase Order, M2T2 agreed to pay liquidated damages to Foley if M2T2 did not meet agreed upon dates in the delivery schedule and Foley had to pay liquidated damages to UG.

On June 4, 2010, by letter, UG advised Foley that the Project was completed on February 1, 2010, which was the date on which Performance Testing on the Oxygenation System was approved. According to the June 4, 2010 letter, there was a delay in completion of 1,084 days, and at the daily liquidated damages rate of $2,000.00 per day, the amount owed by Foley to UG on account of liquidated damages was Two Million One Hundred Sixty Eight Thousand and 00/100 Dollars ($2,168,000.00). Pursuant to discussions between Foley and UG aimed toward amicably resolving the issue of liquidated damages, UG agreed to reduce the liquidated damages assessment to a period of 283 calendar days and an amount of Five Hundred Sixty Six Thousand and 00/100 Dollars ($566,000.00). Foley and UG executed a deductive change order to the Contract for Five Hundred Sixty Six Thousand and 00/100 Dollars ($566,000.00).

Subsequently, on October 21, 2011, Foley filed the present action claiming that all conditions precedent to Foley's right to recovery from M2T2 have been met by Foley, or have been waived, released, or excused by M2T2. In Defendant M2T2's Answer, M2T2 filed a Counterclaim and a Third-Party Petition against HDR Engineering, Inc. HDR contracted with UG to perform design engineering work for the Project. Specifically, HDR prepared

specifications for paint or protective coatings and aerators applied at the Plant. During the course of HDR's performance on the Project, problems arose which resulted in having to re-apply paint and protective coating and adjusting aerators several times before proper performance. This occurred before M2T2 could do its final performance testing of the Oxygenation System. As a result, the Project was delayed.

Since Project delay is the foundation upon which Foley's claim against M2T2 is based, M2T2 submits that HDR, as the design engineer for the Project, bears responsibility for any failures or deficiencies in its specifications that caused the delay for which Foley is now seeking liquidated damages from M2T2. Accordingly, M2T2 submits, that should it be compelled by this Court to pay Foley its demanded liquidated damages, it should be permitted to discharge its obligation under equitable indemnity principles to HDR because HDR is ultimately responsible.

HDR adamantly denies such and files the present Motion to Dismiss for failure to allege sufficient facts to state a claim upon which relief can be granted (Doc. No. 14). Alternatively, HDR moves the Court for an Order requiring M2T2 to make more definite and certain the allegations set forth in the Third-Party Petition (Doc. No. 14). Finally, M2T2 files its Motion for Leave to File a Sur-Reply to address an argument it claims was asserted by HDR, for the first time, in HDR's Reply Memorandum in Support of its Motion to Dismiss (Doc. No. 30).

## II. Motion for Leave to File Sur-Reply (Doc. No. 30)

As an initial matter, M2T2 files a Motion for Leave to File a Sur-Reply (Doc. No. 30). M2T2 states that HDR argues, for the first time, in its Reply Memorandum in Support of its Motion to Dismiss, that this Court should dismiss M2T2's equitable or non-contractual indemnity claim against HDR because "M2T cannot demonstrate that any duties owed by HDR on the Project were co-extensive and identical to the duties owed by M2T." (Doc. No. 30). M2T2 attaches a proposed Sur-Reply with its Motion that addresses whether duties

owed by HDR on the Project were co-extensive and identical to M2T2 and also addresses whether liquidated damages assessed against M2T2 could result in unjust enrichment of HDR (Doc. No. 30-1). HDR counters that M2T2 should not be permitted to file its Sur-Reply because the co-extensive and identical argument was raised in HDR's Original Memorandum in Support of its Motion to Dismiss. Specifically, HDR's Original Memorandum stated, M2T2 "has not even attempted to allege how the discharge of an obligation by M2T2 (the payment of liquidated damages to Foley) is identical to an obligation owed by HDR, which is fatal to M2T2's claims." (Doc. No. 33).

The Court finds that although HDR did put one (1) sentence regarding the co-extensive and identical argument in its Original Memorandum in Support of its Motion to Dismiss, in this case, this is insufficient for a determination that the argument was raised prior to HDR's Reply Memorandum. Furthermore, HDR's argument that it would not be unjustly enriched should M2T2 not be permitted to discharge its payment obligations, was raised for the first time in HDR's Reply Memorandum. As such, M2T2 has demonstrated good cause to file a Sur-Reply. Accordingly, Defendant/Third Party Plaintiff M2T2's Motion for Leave to File Sur-Reply (Doc. No. 30) is hereby **GRANTED**. The Sur-Reply attached to M2T2's Motion shall be deemed filed.

### III. Motion to Dismiss (Doc. No. 14)

Third-Party Defendant HDR submits its present Motion to Dismiss for failure to state a claim upon which relief can be granted (Doc. No. 14). Specifically, HDR first states that a tort or statutory duty must be found on the part of HDR in order for M2T2 to discharge its duties to HDR under equitable indemnity. However, no such duty exists here to support M2T2's claim. Second, HDR states that it did not have a contract with either Foley or M2T2. HDR's contract was with UG. As such, it is therefore not liable to Foley or M2T2 for liquidated damages. Third, HDR states the obligation owed by M2T2 to Foley is not identical to an obligation owed by HDR. Since identical obligations are required for equitable

4

indemnity, HDR is not liable to M2T2. Fourth HDR will not be unjustly enriched should M2T2 be compelled to pay Foley. Finally, in the event that this Court dismisses the Third-Party Petition, M2T2 is not without a remedy. In defense to Foley's claims, M2T2 could argue the assessment of liquidated damages by UG was improper because the alleged delays were actually caused by UG's designer, HDR, and not M2T2. If M2T2 prevails on that argument, it would have no liability to Foley. (Doc. No. 14 & 19).

Defendant/Third Party Plaintiff M2T2 responds by submitting several arguments. First, there are three contexts under which a party may assert a claim for equitable indemnity: (a) indemnitee discharges a duty ultimately owed by another; (b) tort duty; and (c) statutory duty. M2T2's claim arises under the first premise that if M2T2 is compelled to pay Foley liquidated damages stemming from Project delay, it would discharge a duty ultimately owed by HDR. However, even assuming *arguendo* that HDR's contentions regarding equitable indemnity are correct, HDR's preparation of deficient or incomplete specifications for the Plant rises to a tort duty. Second, a contract is not required between parties for discharging liability under equitable indemnity. Third, HDR and M2T2's obligations were identical. Both HDR and M2T2 had a duty to perform their work in a manner that did not cause delay to the Project. Finally, HDR will be unjustly enriched should M2T2 not be permitted to discharge its duties because HDR will have avoided having a separate action filed against it. (Doc. No. 18 & 30-1).

### A. Standard of Review

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Graham Constr. Serv., Inc. v. Hammer & Steel, Inc., No. 4:11CV1316 JCH, 2012 WL 685459, at *2 (E.D. Mo. March 2, 2012) citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). Additionally, the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Id. citing Coons v. Mineta, 410 f.3d 1036, 1039 (8th Cir. 2005). A

5

Case 4:11-cv-01080-FJG   Document 38   Filed 03/16/12   Page 5 of 9

motion to dismiss must be granted, however, if the Complaint does not contain enough facts to state a claim to relief that is plausible on its face. Id. citing Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. Stated differently, to survive a motion to dismiss the Complaint's factual allegations, must be enough to raise a right to relief above the speculative level. Id.

**B.     Discussion**

A Plaintiff seeks indemnity when it seeks to shift to the Defendant the responsibility for damages the Plaintiff incurred by virtue of its liability to a third party. Am. Nat'l Prop. and Cas. Co. v. Ensz and Jester, No. WD 73401, 2011 WL 5041204, at *5 (Mo.App. 2011). To establish a claim for non-contractual indemnity, which is also referred to as common law indemnity or equitable indemnity, the Plaintiff must show: (1) the discharge of an obligation by the Plaintiff; (2) the obligation discharged by the Plaintiff is identical and co-extensive to an obligation owed by the Defendant; and (3) the discharge of the obligation by the Plaintiff is under such circumstances that the obligation should have been discharged by the Defendant, and Defendant will be unjustly enriched if the Defendant does not reimburse the Plaintiff to the extent that the Defendant's liability has been discharged. Beeler v. Martin, 306 S.W.3d 108, 111 (Mo.App. 2010); See State ex rel. Manchester Ins. and Indem. Co. v. Moss, 533 S.W.2d 772, 774-75 (Mo. 1975); See also State ex rel. Laclede Gas Co. v. Godfrey, 468 S.W.2d 693, 698 (Mo.App. 1971). A party asserting equitable indemnity is not asserting that a contractual right to indemnity exists; rather, such a party is asserting that, given the special nature of the case's circumstances, equity demands that one party indemnify the other. Am. Nat'l Prop. and Cas. Co., 2011 WL 5041204, at *6.

6

In this case, M2T2 seeks equitable indemnity to shift to HDR the responsibility for liquidated damages M2T2 incurred as a result of M2T2's Purchase Order with Foley and subsequent Project delay. Simply stated, M2T2 seeks to discharge its obligation of payment to HDR. Construing the facts in favor of M2T2 leads the Court to conclude that since the ultimate cause of Project delay was likely due to the delays caused by HDR, the discharge of the obligation by M2T2 is under such circumstances that the obligation should - in theory - be discharged by HDR. This is especially the case since no contract is required between M2T2 and HDR to survive a claim for equitable indemnity. Am. Nat'l Prop. and Cas. Co., 2011 WL 5041204, at *6. If HDR does not reimburse M2T2 for liquidated damages owed to Foley to the extent that HDR's liability has been discharged, HDR will be unjustly enriched. Id. at *4. As such, the first and third elements of the test articulated above for a finding of equitable indemnity are satisfied.

Nonetheless, in this case, the second element of the test to satisfy a claim for equitable indemnity requires a bit more inquiry. The Court must decide whether the obligation sought to be discharged by M2T2 is identical and/or co-extensive to the obligation owed by HDR. In Beeler, the Missouri Court of Appeals found that the obligation discharged by the Plaintiff was identical to an obligation owed by the Defendant where the Plaintiff and Defendant both personally guaranteed a business loan to a particular company. Beeler, 306 S.W.3d 108, 111. In Godfrey, the Court found an identical or co-extensive obligation existed where liability arose for both parties based on one's active negligence and the other's passive negligence. Godfrey, 468 S.W.2d 693, 698-700. Stated differently, the Court found that where one party creates the condition which causes injury and the other does not join therein, but is exposed to liability on account of it, identical obligations are imposed. Id. at 698. The Court particularly emphasized that the point of third party practice is to avoid two actions which should be tried together to save the time and cost of reduplication of evidence to obtain consistent results from identical or similar evidence and to accomplish ultimate

justice for all concerned with economy of litigation and without prejudice to the rights of another. Id. Nonetheless, in Manchester, the Supreme Court of Missouri found that the Plaintiff's duties were not co-extensive with that of the Defendant's duties. Manchester, 522 S.W.2d 772, 774-75. Specifically, the Court found that in the event of an accident, the duty owed by an uninsured motorist insurer to its insured arising from its insurance contract is separate and distinct from the duty owed from the other motorist involved in the accident to the insured. Id. The Court emphasized that this distinction was made because the insurer had a contract with its insured and played no part in the event which caused the injury. Id. at 775; See City of St. Joseph v. Kaw Valley Tunneling, Inc., 660 S.W.2d 26, 31 (Mo.App. 1983).

The Court finds that the present action is most analogous to Godfrey and the goals of equitable indemnity articulated therein. M2T2 and HDR have identical or co-extensive obligations. The subject of this dispute is who ultimately caused Project delay and thus, should be held responsible for liquidated damages. Whether a contract existed between M2T2 and HDR is irrelevant. Once again, construing the facts in favor of M2T2, HDR created the condition of having to re-apply paint or protective coating and adjusting aerators several times during the Kaw Point Wastewater Treatment Plant Improvements Project I.D. 6176. This, ultimately, caused some Project delay for which M2T2 was exposed to liability. To dismiss M2T2's Third-Party Petition, now, with the possibility of M2T2 bringing a later claim against HDR seeking indemnity is not in the interest of judicial economy. As such, Third-Party Defendant HDR Engineering, Inc.'s Motion to Dismiss (Doc. No. 14) is hereby **DENIED**.

    **IV.**     **Motion for More Definite Statement** (Doc. No. 14)

Alternatively, HDR moves the Court for an Order requiring M2T2 to make more definite and certain the allegations set forth in the Third-Party Petition (Doc. No. 14). M2T2 attached an Amended Answer, Affirmative Defenses, and Counterclaims along with its

Suggestions in Opposition to HDR's Motion to Dismiss (Doc. No. 18-1). It contains a more definite statement. As such, HDR's Motion for More Definite Statement (Doc. No. 14) is hereby **MOOT**. However, M2T2's attachment shall not be deemed filed. M2T2 shall file the attachment as a separate document **on or before March 23, 2012.**

### V.     Conclusion

Defendant/Third Party Plaintiff M2T2's Motion for Leave to File Sur-Reply (Doc. No. 30) is hereby **GRANTED**. The Sur-Reply attached to M2T2's Motion shall be deemed filed. Third-Party Defendant HDR Engineering, Inc.'s Motion to Dismiss (Doc. No. 14) is hereby **DENIED**. HDR's Motion for More Definite Statement (Doc. No. 14) is hereby **MOOT**. However, M2T2's Amended Answer, Affirmative Defenses, and Counterclaims attached to its Suggestions in Opposition which provide a more definite statement shall not be deemed filed. M2T2 shall file the attachment as a separate document **on or before March 23, 2012.**

**IT IS SO ORDERED.**

Date: <u>March 16, 2012</u>                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                               Chief United States District Judge