**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| FOLEY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-01080-FJG |
| | ) | |
| MIXING & MASS TRANSFER | ) | |
| TECHNOLOGIES, LLC | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HDR ENGINEERING, INC., and | ) | |
| R.E. PEDROTTI CO., INC., | ) | |
| | ) | |
| Third –Party Defendant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HDR ENGINEERING, INC., | ) | |
| | ) | |
| Fourth-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELICH, ROTH, & GOODWILLIE, P.A., | ) | |
| | ) | |
| Fourth-Party Defendant. | ) | |

## <u>ORDER</u>

Currently pending before the Court is Third-Party Defendant HDR's Motion for

Summary Judgment (Doc. Nos. 130 & 131) and Delich, Roth, & Goodwillie, P.A.'s

("DRG") Motion for Joinder of Fourth-Party Defendant DRG to HDR's Motion for

Summary Judgment & Reply Suggestions (Doc. No. 132 & 155).

## I.    BACKGROUND

On January 24, 2006, Foley Company and Unified Government of Wyandotte County, Kansas City, Kansas ("UG") entered into a contract ("Contract"), pursuant to which Foley was to serve as the general contractor for a project known as the Kaw Point Wastewater Treatment Plant Improvements Project I.D. 6176 ("Project").  The Contract required that Foley complete all work specified by the Contract documents within three hundred sixty-five (365) calendar days after the date established in the Notice to Proceed, unless the period for completion was extended.  Pursuant to the Contract, Foley was to pay liquidated damages of Two Thousand and 00/100 Dollars ($2,000.00) per day to UG for each calendar day thereafter.  The Notice to Proceed was issued by UG on February 13, 2006.  As such, the date for completion of all work was established as February 12, 2007.   (Doc. Nos. 1, 131, 139 & 154).

Foley's scope of work under its Contract included Section 13180, Retrofitted Oxygenation System ("Oxygenation System"), of the Technical Specifications for the Project.  Foley entered into a subcontracting or purchase order agreement ("Purchase Order") with Mixing & Mass Transfer Technologies, LLC ("M2T2") with respect to the Oxygenation System on or about April 14, 2006.  The Purchase Order provided that M2T2 would pay liquidated damages to Foley if M2T2 did not meet agreed upon dates in the delivery schedule attached to the Purchase Order and Foley had to pay liquidated damages to UG.  M2T2 failed to meet the agreed upon dates and the Project was delayed.  (Doc. Nos. 1, 131, 139 & 154).

Meanwhile, HDR Engineering ("HDR") was retained by UG as the design engineer and Project manager for work undertaken at the Project.  HDR, subsequently,

entered into a Subconsultant Agreement with DRG. DRG agreed to perform its services "within generally accepted standards of professional care and inc ompliance with all applicable laws, regulations, codes, and other requirements in effect at the time such services are performed." HDR did not have a contract with either Foley or M2T2 on the Project. (Doc. No. 50 & 131).

On June 4, 2010, by letter, UG advised Foley that the Project was completed on February 1, 2010, which was the date on which the performance testing on the Oxygenation System required by Section 13180 was approved. According to the June 4, 2010 letter, there was a delay in completion of 1, 084 days, and at a daily liquidated damages rate of $2,000.00 per day, the amount owed by Foley to UG on account of liquidated damages was Two Million One Hundred Sixty Eight Thousand and 00/100 Dollars ($2,168,000.00). Foley negotiated a final settlement of liquidated damages owed by Foley to UG on the Project in the amount of Five Hundred Sixty Six Thousand and 00/100 Dollars ($566,000.00). Foley and UG executed a Settlement Agreement on June 30, 2011 which states in part that "the delay in completion of the Project was caused by Foley's Supplier M2T[2], with whom the Unified government is not in privity of contract." (Doc. Nos. 1, 131, 139 & 154).

Subsequently, on October 21, 2011, Foley filed the present action claiming that all conditions precedent to Foley's right to recovery from M2T2 have been met to Foley, or have been waived, released, or excused by M2T2. As such, Foley asserts two breach of contract claims against M2T2 for recovery of the Settlement Agreement amount. On March 23, 2012, M2T2 filed its Amended Answer, wherein it asserts a Counterclaim against Foley for breach of contract for failure to pay the remaining

3

balance on the account. M2T2 also filed a Third-Party Complaint against HDR for equitable or non-contractual indemnity. Specifically, M2T2 states that "HDR failed to provide proper specifications to prevent the peeling of paint from certain clarifiers and failed to contemplate in its original design the necessary elevation of certain aerators at the Plant, each of which caused delay." (Doc. Nos. 1, 39, 131, 139 & 154).

On April 25, 2012, HDR filed a Fourth –Party Complaint against DRG for breach of contract, breach of warranty, negligence, and indemnity and contribution. Specifically, HDR states that DRG prepared the specifications for the Project, not HDR. As such, if HDR is found liable to M2T2, then DRG is liable to HDR, which is the true and primary cause of all or part of M2T2's alleged damages. (Doc. No. 50).

On May 2, 2013, HDR filed the present Motion for Summary Judgment (Doc. Nos. 130 & 131). On May 7, 2013 and June 17, 2013, DRG filed the present Motion for Joinder of Fourth-Party Defendant DRG to HDR's Motion for Summary Judgment and Reply Suggestions (Doc. Nos. 132 & 155).

## II.   MOTION FOR JOINDER

DRG has filed the present Motions for Joinder (Doc. Nos. 132 & 155) asserting that it is similarly situated to HDR in that each party is seeking the same relief against Defendant/Third-Party Plaintiff M2T2. Should this Court rule in favor of HDR on its dispositive motion, DRG states it should be granted the same relief as HDR and be dismissed from this case – as HDR is the only party asserting claims against DRG. Accordingly, DRG's Motions for Joinder (Doc. No. 132 & 155) are hereby **GRANTED**.

## III.    STANDARD OF REVIEW

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

To establish a claim for non-contractual indemnity, which is also referred to as common law indemnity or equitable indemnity, the Plaintiff must show: (1) the discharge of an obligation by the Plaintiff; (2) the obligation discharged by the Plaintiff is identical and co-extensive to an obligation owed by the Defendant; and (3) the discharge of the obligation by the Plaintiff is under such circumstances that the obligation should have been discharged by the Defendant, and (4) Defendant will be

unjustly enriched if the Defendant does not reimburse the Plaintiff to the extent that the Defendant's liability has been discharged.   Beeler v. Martin, 306 S.W.3d 108, 111 (Mo.App. 2010); See State ex rel. Manchester Ins. and Indem. Co. v. Moss, 533 S.W.2d 772, 774-75 (Mo. 1975); See also State ex rel. Laclede Gas Co. v. Godfrey, 468 S.W.2d 693, 698 (Mo.App. 1971).   A party asserting equitable indemnity is not asserting that a contractual right to indemnity exists; rather such a party is asserting that, given the special nature of the case's circumstances, equity demands that one party indemnify the other.  Am. Nat'l Prop. and Cas. Co. v. Jester, 358 S.W.3d 75 (Mo.App. 2011).

## IV.  DISCUSSION

HDR states that summary judgment should be granted in its favor on M2T2's equitable indemnity claim because M2T2 cannot demonstrate the third element of an equitable indemnity claim, unjust enrichment to HDR.   The Settlement Agreement between Foley and UG states that delay was caused by M2T2.   Further, on November 28, 2012, in Responses to request for Admissions submitted by HDR, Foley acknowledged the following:

1. All damages that Foley is claiming in its lawsuit against M2T[2] were caused by M2T[2] and no other party.

2. Any delays allegedly caused by HDR on the Project were considered during the settlement discussions between UG and Foley.

3. None of the damages being claimed by Foley against M2T[2] in this lawsuit relate in any way to any failures or deficiencies in the plans and specifications prepared by HDR.

4. No portion of the amount being claimed by Foley against M2T[2] in its Complaint relates in any way to the actions of HDR.

(Doc. No. 131-1). Thus, in the present case, any potential liability of HDR was taken into account in the settlement between Foley and UG, and none of the settlement amount that Foley paid to UG was for any actions of HDR. As a result, if M2T2 is forced to reimburse Foley for the settlement amount paid by Foley to UG, HDR will not be unjustly enriched as M2T2 would only be reimbursing Foley for M2T2's fault and not that of HDR. Accordingly, M2T2 cannot demonstrate unjust enrichment to HDR and in turn, cannot establish a claim for equitable indemnity. Nonetheless, in the event that this Court grants summary judgment for HDR, M2T2 is not without a remedy. M2T2 can argue that Foley overpaid the claim and if M2T2 prevails on the argument, it will lessen or eliminate its liability to Foley. (Doc. Nos. 131 & 154).

M2T2 states that HDR's argument is misplaced. First, HDR's reliance on admissions by Foley alone is insufficient to meet its burden. While the Federal Rules of Evidence allow admissions under certain circumstances, HDR is attempting to use Foley's admission as a mechanism to introduce impermissible hearsay evidence, avoid laying an evidentiary foundation for documents, and as a subterfuge to substitute Foley's opinions and conclusions regarding what constitutes delay for purposes of assessing the efficacy of imposition of liquidated damages. This determination is for the Court. Further, Foley's internal considerations are irrelevant and immaterial regarding M2T2's rights and remedies to pursue a non-contractual indemnity claim against HDR as a party with a co-extensive obligation. Additionally, the ultimate dispute of who caused Project delay and thus, should be held responsible for liquidated damages is to

be determined by the fact finder.  Second, Foley's characterization of the culpability of those with co-extensive duties to complete the Project within the contracted timeframe attempts to remove that duty from the finder of fact and vest that determination with a party to the litigation.  This is clearly inappropriate.  Third, HDR cannot demonstrate that no genuine issue of material fact exists.  The facts and complex circumstances developed through discovery demonstrate clearly that HDR, with others, did not meet the co-extensive duty to complete the Project in a timely manner.  The determination of individual responsibility, if any, and the proportional allocation of liability to each responsible party, to avoid one entity being unfairly burdened while the other entities are unjust enriched, is the critical factual issue in dispute.  It is far from settled and clearly a genuine issue in dispute.  As such, HDR's request for summary judgment should be denied.  (Doc. No. 139).

Admissions can only be used against the party making the admission.  See Jones v. Nat'l Am. Univ., 608 F.3d 1039, 1045 (8th Cir. 2010); See also United States v. Heppner, 519 F.3d 744, 750-51 (8th Cir. 2008).  Therefore, Foley's admissions that it contemplated HDR's contribution to the delay or damages on the Project are irrelevant and a genuine issue of material fact still exists.

## V.	CONCLUSION

For the aforementioned reasons, HDR's Motion for Summary Judgment (Doc. No. 130) is **DENIED**.  DRG's Motions for Joinder (Doc. No. 132 & 155) are hereby **GRANTED**.   **IT IS SO ORDERED.**

Date:  August 1, 2013	**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri	Fernando J. Gaitan, Jr.
	Chief United States District Judge